IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAMES ALEXIS CHAVEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:20CV782 |
| ) | 1:14CR225-1 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action brings a motion (Docket Entry 46) to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In 2014, Petitioner pled guilty to being a felon in possession of ammunition. (Docket Entries 1, 10, 13; 9/8/2014 Minute Entry.) He was later sentenced to 39 months of imprisonment and three years of supervised release. (Docket Entry 22; 12/19/2014 Minute Entry.) Petitioner did not appeal. (Docket Entry 46, § 8.) The Court revoked his supervised release in December of 2019, imposing a term of 18 months of imprisonment and 12 months of supervised release. (12/13/2019 Minute Entry; Docket Entry 43.) Petitioner then filed the instant motion. (Docket Entry 46.) The Government filed a response (Docket Entry 50) and though Petitioner was notified of his right to file a reply (Docket Entry 51) no reply has been filed and the time to do so has expired. This matter is now prepared for a ruling. *See* Rule 8, Rules Governing § 2255 Proceedings.

## GROUND FOR RELIEF

Petitioner raises a single ground for relief contending that his guilty plea and conviction for being a felon in possession of ammunition are unconstitutional under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (Docket Entry 46.) As explained below, this argument is not persuasive.

More specifically, under 18 U.S.C.§ 922(g)(1), any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" is prohibited from possessing a firearm. 18 U.S.C. § 922(g)(1). According to *Rehaif*, the Government must prove not only "that the Defendant knew he possessed a firearm" but that he also "knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2220. Further, following the filing of Petitioner's motion, the United States Supreme Court decided the case of *Greer v. United States*, 141 S. Ct. 2090 (2021), which involved two cases with similar claims under *Rehaif* that were raised for the first time on direct appeal and subject to plain error analyses. To obtain relief in a plain error review, an appellant must show that an error occurred, that the error was plain, and that the error affected "substantial rights," which generally means that there must be "'a reasonable probability that, but for the error, the outcome of the proceeding would have been different.'" *Id.* at 2096 (quoting *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904-05 (2018)). The Supreme Court noted in performing this analysis that "demonstrating prejudice under *Rehaif* 'will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons.'" *Id.*, 141 S. Ct at 2098 (quoting *United States v. Lavalais*, 960 F.3d 180, 184 (2020)). The Court therefore concluded that "a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Id.* at 2100.

The burden for a petitioner proceeding under § 2255 is even higher than for a defendant attempting to show plain error on direct appeal. *See United States v. Frady*, 456 U.S. 152, 166 (1982) (rejecting "use of the 'plain error' standard to review Frady's § 2255 motion"

2

Case 1:14-cr-00225-WO    Document 52    Filed 09/19/22    Page 2 of 4

and stating "that to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal"). Further, in light of the standard set out above, at a minimum to establish prejudice a petitioner would at least have to make a sufficient argument or representation that he could have presented evidence that he did not know he was convicted of a crime punishable by more than a year.

Here, Petitioner does not even contend—much less present evidence—that he was unaware that he had been convicted of a crime punishable by imprisonment for a term exceeding one year. And it is hard to see how he could. Petitioner's Presentence Investigation Report ("PSR") indicates that prior to the facts giving rise to the instant conviction, Petitioner was sentenced to more than one year of imprisonment, which terms were suspended, on multiple felony convictions. He received suspended sentences of 23 to 37 months and 12 to 15 months of imprisonment for Felony Attempt to Commit First Degree Burglary and Felony Second Degree Burglary, respectively. (*See* Docket Entry 18 at ¶¶ 35, 37.) Petitioner does not contend that he did not know of these convictions or sentences.[1]

Instead, the only reason Petitioner gives in support of his *Rehaif* claim is an argument that he is entitled to immediate relief because of the Fourth Circuit's holding in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), *rev'd sub nom. Greer v. United States*, 141 S. Ct. 2090 (2021).

---

[1] *See, e.g.*, *United States v. McNeil*, No. 19-4925, 2022 WL 670870, at *2 (4th Cir. Mar. 7, 2022) ("McNeil had sustained several adult felony convictions prior to committing his § 922(g) offense. He served a three-year suspended sentence, showing that he knew that his prior robberies were punishable by more than one year in prison. Thus, there is not a reasonable probability that, but for the district court's failure to fully advise McNeil of the mens rea elements of § 922(g), the outcome of the proceeding would have been different."); *United States v. Huntsberry,* 956 F.3d 270, 285 (5th Cir. 2020) (stating that "there is little possibility that [a defendant] was ignorant of his status as a convicted felon" when he had previously been convicted of a felony sex offense and received a two-year suspended sentence).

3

(Docket Entry 46, Attach.) However, the Supreme Court issued an opinion reversing the Fourth Circuit's decision in *Gary*. *Greer*, 141 S. Ct. at 2101. *Gary* held that a *Rehaif* "error is structural, which *per se* affects a defendant's substantial rights." *Gary*, 954 F.3d at 200. In *Greer*, however, the Supreme Court reversed *Gary* and made clear "a *Rehaif* error . . . is . . . not structural," as it "fit[s] comfortably within the 'general rule' that 'a constitutional error does not automatically require reversal of a conviction.'" 141 S. Ct. at 2100 (quoting *Arizona v. Fulminante*, 499 U.S. 279, 306 (1991)). Consequently, any assertion that a *Rehaif* error is per se reversible has no merit. *Gary* cannot serve as a basis for Petitioner's argument. And, as noted, because Petitioner neither contends nor presents evidence that he was unaware that he had been convicted of a crime punishable by imprisonment for more than one year, his claim fails.

## CONCLUSION

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion (Docket Entry 46) to vacate, set aside, or correct sentence be **DENIED** and that judgment be entered dismissing the action.

>  /s/ Joe L. Webster
>  United States Magistrate Judge

September 19, 2022
Durham, North Carolina